## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***) | | |
| **JANOS SANDOR, ADMINISTRATOR** | ) | |
| **OF THE ESTATE OF** | ) | |
| **XAVIER MITCHELL-SANDOR,** | ) | **NO. 3:24-cv-00496 (RNC)** |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **HUNTINGTON INGALLS INDUSTRIES, INC.** | ) | |
| **AND HUNTINGTON INGALLS** | ) | |
| **INCORPORATED** | ) | |
| | ) | |
| **Defendant** | ) | **JUNE 28, 2024** |

## REPORT OF PARTIES' RULE 26(f) PLANNING MEETING

Date Complaint Filed:                                    March 28, 2024

Date Complaint Served:                                  April 4 & 5, 2024

Date of Defendant's Appearance:                    April 23 and May 20, 2024

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16 the parties conferred on June 20, 2024, and June 27, 2024, and agreed to this report. The participants were:

Kelly E. Reardon, Esq.                              for the Plaintiff, Estate of Xavier Mitchell-Sandor

Emma K. Hildebrand, Esq.                         for the Defendant, United States of America

Brian V. Otero, Esq.,                                 for the Defendants Huntington Ingalls
Alexandra B. Cunningham. Esq.,              Industries, Inc ("HII") and Huntington
And Wendy McGraw, Esq.                         Ingalls Incorporated ("HIC")

### I.   Certification

Undersigned counsel (after consultation with their clients) and any undersigned self-

represented parties certify that (a) they have discussed the nature and basis of the parties' claims

and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.   Jurisdiction

### A.  Subject Matter Jurisdiction

The Plaintiff's alleged bases for subject matter jurisdiction against Defendant, the United States of America, are the Federal Torts Claims Act 28 U.S.C. § 1346 and Suits in Admiralty Act 46 U.S.C. §§ 30901 *et seq.*  The basis for subject matter jurisdiction against the Huntington Ingalls Defendants is 28 U.S.C. § 1332.

Defendant, the United States, has filed a Motion to Dismiss challenging subject matter jurisdiction.  Plaintiff's common law negligence claim must be dismissed as the United States cannot be sued absent a waiver of sovereign immunity.  While Plaintiff brings claims under the FTCA and the SIAA, these two statutes are mutually exclusive.  Admiralty jurisdiction applies here, and the FTCA claim must be dismissed.  Regarding all of Plaintiff's claims, the *Feres* doctrine prohibits suits by active-duty service members or their survivors for injuries that arise out of or in the course of activity incident to service.

Further, venue is improper in the District of Connecticut.  Under the Public Vessels Act ("PVA"), 46 U.S.C. §§ 31101–13, which incorporates the Suits in Admiralty Act, venue is proper in the district where the vessel is located within the Unites States.  When Plaintiff filed suit, the USS George Washington was in Norfolk, Virginia, making venue proper in the Eastern District of Virginia.  The Plaintiff intends to file an objection.

2

HIC and HII acknowledge that diversity jurisdiction exists but note that Plaintiff has not alleged jurisdiction over these defendants under 28 U.S.C. §1332.  HIC and HII reserve all immunity based-defenses, including those that challenge the subject matter jurisdiction of the Court.

### B.  Personal Jurisdiction

Defendants HIC and HII contest personal jurisdiction and have filed a Motion to Dismiss that argues that the Court cannot exercise personal jurisdiction over them under the Connecticut long arm statute and that exercising jurisdiction over them in this case is inconsistent with the Due Process Clause of the United States Constitution.  As stated in the Motion to Dismiss, HII is a Delaware corporation with its principal place of business in Virginia; HIC is a Virginia corporation with its principal place of business in Virginia.  As such, neither entity is subject to general personal jurisdiction in Connecticut.  Further, all events related to the claims in this case are alleged to have taken place in Virginia.  Thus, neither entity is subject to specific personal jurisdiction in Connecticut for the purposes of this case.  HIC and HII urge the Court to postpone entry of a scheduling order and to stay all discovery until the Court rules on their pending motion to dismiss.  HIC and HII object to jurisdictional discovery because Plaintiff has not pled any basis whatsoever for personal jurisdiction in Connecticut and has not identified any disputed facts that could change the outcome of the jurisdictional analysis.  *See, e.g., Est. of Nunez-Polanco ex rel. Shapiro v. Boch Toyota, Inc.*, No. CIV. 3:03CV2251(WWE), 2004 WL 2063406, at *1 (D. Conn. July 21, 2004).

The Plaintiff intends to file objections and seek permission to conduct limited discovery on the personal jurisdiction issue.

### III.   Brief Description of Case

#### A.  Claims of Plaintiff:

The Plaintiff, the Estate of Xavier Mitchell-Sandor, alleges that Mitchell-Sandor committed suicide as a result of the living conditions he experienced while assigned to the USS George Washington during its refueling and complex overhaul at the Newport News Shipyard. The Plaintiff has sued the United States of America for negligence, and under both the Federal Tort Claims Act and Suits in Admiralty Act, for its failure to provide him with appropriate, habitable conditions in which to live. The Plaintiff has sued the Huntington Ingalls Defendants for its failure to provide appropriate, habitable living conditions to the decedent pursuant to a contract it had with the United States Navy to do so while the USS George Washington was being overhauled. The Plaintiff alleges that his mental health deteriorated due to these living conditions and the failures of the Defendants, resulting in his suicide. His Estate seeks damages for his wrongful death, including, loss of earning potential, loss of enjoyment of life and funeral expenses.

#### B.  Defenses and Counterclaims of Defendant:

HIC and HII:  This case should be dismissed for lack of personal jurisdiction.  HIC and HII have also moved to dismiss for failure to state a claim, based on the following:  (1) Plaintiff fails to allege sufficient facts to show HIC or HII owed a duty to the Decedent; (2) Mr. Mitchell-Sandor's act of committing suicide is a superseding cause that prevents any alleged conduct of HIC or HII from being the proximate cause of his death; and (3) Plaintiff's claims against HIC and HII are barred by the Decedent's contributory negligence.  HIC and HII reserve the right to assert

4

additional defenses, including that they are immune from liability as a government contractor and/or under the *Feres* doctrine.

United States: Plaintiff's claims against the United States should be dismissed for lack of subject matter jurisdiction.  The *Feres* doctrine prohibits suits by active-duty military personnel or their survivors against the United States for death or injuries arising out of or in the course of activity incident to service.  MASR Mitchell-Sandor was an active-duty navy seaman and took his own life with a service weapon while stationed aboard the USS George Washington.  These undisputed facts are dispositive of Plaintiff's claims against the United States.

**IV.    Statement of Undisputed Facts**

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1.  The United States Navy contracted with HIC for the Refueling and Complex Overhaul ("RCOH") of the USS *George Washington.*

2.  Mr. Mitchell-Sandor was assigned to the USS *George Washington* by the United States Navy.

3.  On April 15, 2022, Mr. Mitchell-Sandor died of a self-inflicted gunshot wound while stationed aboard the USS *George Washington* in Newport News, Virginia, where it was undergoing RCOH at Newport News Shipyard.

IV.    **Case Management Plan**

   A. **Initial Disclosures**

      Plaintiffs' Position:  Initial Disclosures will be served by July 22, 2024

      Defendants' Position:  Given the dispositive nature of the personal and subject matter

jurisdiction motions and other issues currently pending before this Court, Defendants HIC and

HII and the United States respectfully request that the requirement of initial disclosures be tolled

until the Court rules on the pending Motions to Dismiss.  After the Court's ruling, the parties will

meet and confer to set a deadline for initial disclosures for any defendant that remains in the

case.  If the case is transferred to the Eastern District of Virginia, the initial disclosure deadline

(and any additional scheduling order or case management plan) will be set by that court.

   B. **Scheduling Conference**

   1.  The parties do not request to be excused from holding a pretrial conference with the

       Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

   2.  The parties prefer that a scheduling conference, if held, be conducted by telephone or

       other remote means.

   C. **Early Settlement Conference**

   1.  The parties certify that they have considered the potential benefits of attempting to settle

       the case before undertaking significant discovery or motion practice. Settlement is

       unlikely.

   2.  The parties do not request an early settlement conference at this time. The parties will

       jointly advise the Court if they seek a settlement conference.

6

3. If circumstances change the parties will meet and confer to discuss their preference as to whether any future settlement conference is to held by the presiding judge, a magistrate judge, a special master, or a private mediator.

4. The parties do not request a referral to alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

All of the Defendants have filed Motions to Dismiss the Complaint and Plaintiff has indicated an intent to oppose those Motions.  The parties have not reached any agreement regarding the jurisdictional issues or sufficiency of the pleadings.

Plaintiff's Position:  Plaintiff(s) should be allowed until October 27, 2024 to file motions to join additional parties and until November 24, 2024 to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay. Defendant(s) should be allowed until October 27, 2024 to file motions to join additional parties and until November 24, 2024 to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause' for the delay.

Defendants' Position:  These deadlines should not be established until after the Court rules on the pending Motions to Dismiss.  HIC and HII and the United States further state that they have already responded to the Complaint by filing Motions to Dismiss.  If the Motions are denied, HIC and HII and the United States will file respective Answers in accordance with Fed.

R. Civ. P. 12 unless otherwise agreed.  HIC and HII and the United States will respond to any amended complaint in accordance with Fed. R. Civ. P. 12 and 15 unless otherwise agreed.

**E. Discovery**

a.  Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

Plaintiff's Position:  The Plaintiff seeks to conduct limited discovery for the purpose of responding to the Motions to Dismiss filed by the Defendants.  The issues raised in the Motions to Dismiss require discovery regarding (1) whether the conduct of the Defendant, USA, was incident to military service, (2) whether the Huntington Ingalls Defendants have sufficient contacts with Connecticut to be subject to jurisdiction here.  The Plaintiffs request up to six depositions, as well as written discovery.

HIC and HII's Position:  HIC and HII object to any discovery, including discovery related to their Motion to Dismiss for lack of personal jurisdiction.  Plaintiff has not pled any basis whatsoever for the exercise of personal jurisdiction over HIC and HII and has not identified any factual development that is needed to address the pending motion.

United States' Position:  The United States objects to any discovery, including any discovery related to its Motion to Dismiss for lack of subject matter jurisdiction.  All material facts are known and undisputed:  Xavier Mitchell-Sandor was an active-duty seaman stationed aboard the USS George Washington when he took his own life.  Furthermore, the way that the

Navy houses seaman and the services it provides to servicemembers are matters directly incident to service.  No discovery could change the fact that Plaintiff's claims are *Feres*-barred.

    b.  If the Motions to Dismiss are not granted, the parties anticipate that discovery will be needed on issues related to liability, causation, and damages, including the following:

        1.  The factual basis for Plaintiff's claims;
        2.  Plaintiff's damages;
        3.  The conditions on the USS *George Washington*;
        4.  Mr. Mitchell-Sandor's mental health state before serving on the USS *George Washington* and its evolution (if any) while assigned to the USS *George Washington.*

    c.  The parties have different positions regarding the deadlines for discovery.

    <u>Plaintiff's Position:</u>  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by July 8, 2024, and completed (not propounded) by January 12, 2026.

    <u>HIC/HII's Position:</u>  Discovery should not commence and deadlines should not be set until the Court rules on the pending Motions to Dismiss.  Moreover, discovery is expected to involve documents and testimony that are subject to national security laws, and lawyers and experts may need security clearances to obtain access to this material.  Indeed, the factual background of the case concerns the overhaul of one of the U.S. Navy's nuclear powered aircraft carriers and aspects of the procedures and practices employed to secure the carrier during its overhaul.  Given the extreme sensitivity of these matters, it seems likely that discovery will take considerably longer than it would in other contexts.  In light of these expected challenges, HIC and HII believe it is premature to set a schedule regarding the completion of discovery.   To the extent dates are set for discovery, depositions, expert disclosures, summary judgment, joint trial memorandum, or trial readiness, HIC and HII propose an additional six months from the dates

proposed by Plaintiffs, subject to further extension based on when the Court rules on the pending

Motions to Dismiss.

      United States' Position:  Discovery should not commence, and deadlines should not be

set until the Court rules on the pending Motions to Dismiss.

    d.  Discovery will not be conducted in phases.

    e.  The parties anticipate that the plaintiff(s) will require a total of 15 depositions of fact

        witnesses and that the defendant(s) will require a total of 15 depositions of fact witnesses.

      Plaintiff's Position:  The depositions will commence by July 8, 2024 and be completed

by July 28, 2025.

      HIC/HII's Position:  Discovery should not commence and deadlines should not be set

until the Court rules on the pending Motions to Dismiss.  Moreover, discovery is expected to

involve documents and testimony that are subject to national security laws, and lawyers and

experts may need security clearances to obtain access to this material.  In light of these expected

challenges, HIC and HII believe it is premature to set a schedule regarding the completion of

depositions.

      United States' Position:  Discovery should not commence, and deadlines should not be

set until the Court rules on the pending Motions to Dismiss.

    f.  Plaintiff intends to request permission to serve more than 25 interrogatories.  The

        Defendants object to this and believe that the 25 interrogatory limit is sufficient.

    g.  Plaintiff intends to call expert witnesses at trial. Defendants intend to call expert

        witnesses at trial.

h.  The parties have differing positions regarding disclosure of experts and expert depositions.

Plaintiff's Position: Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by June 30, 2025. Depositions of any such experts will be completed by October 27, 2025. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by November 24, 2025. Depositions of such experts will be completed by December 29, 2025. A damages analysis will be provided by any party who has a claim or counterclaim for damages by December 1, 2024.

HIC/HII's Position: Discovery should not commence and deadlines should not be set until the Court rules on the pending Motions to Dismiss.  Moreover, discovery is expected to involve documents and testimony that are subject to national security laws, and lawyers and experts may need security clearances to obtain access to this material.  In light of these expected challenges, HIC and HII believe it is premature to set a schedule regarding expert disclosures and depositions.

United States' Position:  Discovery should not commence, and deadlines should not be set until the Court rules on the pending Motions to Dismiss.

i.  Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the

disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

j.  The parties have taken steps to preserve relevant data.  At the appropriate time, the parties will collect and review documents for production in discovery.  The parties will conduct reasonable searches to respond to discovery, which may include identifying custodians, date parameters, and applicable search terms.  The parties may also rely on predictive coding to review documents in a cost-efficient manner.  The parties reserve the right to seek assistance from the Court if there are disputes regarding the scope of discovery or the collection, review, and production of electronically stored information.

k.  Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information.

l.  The parties have taken steps to preserve relevant data.  At the appropriate time, the parties will collect and review documents for production in discovery.  The parties will conduct reasonable searches to respond to discovery, which may include identifying custodians, date parameters, and applicable search terms.  The parties may also rely on

predictive coding to review documents in a cost-efficient manner.  The parties reserve the right to seek assistance from the Court if there are disputes regarding the scope of discovery or the collection, review, and production of electronically stored information.

m. Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.

n. The parties incorporate the provisions of Fed. R. Evid. 502(b) and Fed. R. Civ. P. 26(b)(5)(B) regarding inadvertent disclosures.

**F.  Other Scheduling Issues:**

The parties propose the following schedule for addressing other issues pertinent to this case [e.g., class certification, claim construction]:

Not applicable.

**G.  Summary Judgment Motions:**

<u>Plaintiff's Position:</u>  Summary judgment motions, which must comply with Local Rule 56, will be filed on or before October 6, 2025.

<u>Defendants' Position:</u>  For the reasons stated herein, HIC and HII and the United States believe it is premature to set a dispositive motion deadline.

**H.  Joint Trial Memorandum**

<u>Plaintiff's Position:</u>  The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by January 12, 2026.

<u>Defendants' Position:</u>  For the reasons stated herein, HIC and HII and the United States believe it is premature to set a trial date and deadline for the joint trial memorandum.

**V.    Trial Readiness**

<u>Plaintiff's Position</u>:  The case will be ready for trial by January 12, 2026.

<u>Defendants' Position:</u>  For the reasons stated herein, HIC and HII and the United States

believe it is premature to set a trial readiness date and deadline for the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff, Estate of Xavier Mitchell-Sandor

By _____   Date: __6/28/24_____

Defendant, United States of America

By __Emma K Hildebrand_____   Date: __June 28,2024_____

Defendants, Huntington Ingalls Industries, Inc. and Huntington Ingalls Incorporated

By _____   Date: __June 28, 2024_____

The undersigned self-represented parties certify that they will cooperate with all other parties, counsel and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff, Estate of Xavier Mitchell-Sandor

By _____   Date: _____

Defendant, United States of America

By _____   Date: _____

Defendants, Huntington Ingalls Industries, Inc. and Huntington Ingalls Incorporated

By _____   Date: _____

14

## **CERTIFICATION**

I hereby certify that, on June 28, 2024, a true and correct copy of the foregoing was served electronically on all counsel of record via CM/ECF.


<u>/s/ Kelly E. Reardon, Esq. (ct28441)</u>
Kelly E. Reardon, Esq. (ct28441)
Robert I. Reardon, Esq. (ct05358)
**THE REARDON LAW FIRM, P.C.**
160 Hempstead St
PO Drawer 1430
New London, CT 06320
Email: kreardon@reardonlaw.com
Email: rreardon@reardonlaw.com

16